IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TRISHA HAYES                                                                                          PLAINTIFF

VERSUS                                                        CAUSE NO. 1:22cv114 TBM-RPM

ST. JOSEPH HOSPICE OF SOUTHERN MISSISSIPPI, LLC and
MARK CROWSON                                                                                    DEFENDANTS

**COMPLAINT – JURY TRIAL DEMANDED**

COMES NOW the Plaintiff, TRISHA HAYES ("Ms. Hayes"), by any through her counsel, Smith & Holder, PLLC, and files this action to recover damages for violations of her rights under the Family and Medical Leave Act of 1993 ("FMLA") against the Defendants, ST. JOSEPH HOSPICE OF SOUTHERN MISSISSIPPI, LLC ("St. Joseph") and MARK CROWSON ("Crowson") (collectively, "Defendants"). In support of this cause, Ms. Hayes would show unto the Court the following facts to-wit:

**PARTIES**

1. That Ms. Hayes is an adult female resident of Harrison County, Mississippi, residing in Gulfport, Mississippi, 39503.

2. That St. Joseph is a limited liability company organized and existing pursuant to the laws of the State of Mississippi and operating as a for-profit organization. Process may be served upon its registered agent, Mark Crowson, at 1240 Broad Avenue, Gulfport, Mississippi 39501. Whenever it is alleged that St. Joseph committed any act or omission, it is meant that St. Joseph's officers, agents, employees, managers, vice-

principals, servants, and/or personnel agents or servants committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of St. Joseph or was done in the routine and normal course and scope of employment of St. Joseph's officers, agents, managers, vice-principals, agents, servants, and/or employees.

3. That Crowson may also be served with process at his place of employment with St. Joseph at 1240 Broad Avenue, Gulfport, Mississippi 39501.

## JURISDICTION AND VENUE

4. That this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to address claims under the Family and Medical Leave Act of 1993 ("FMLA") codified at 29 U.S.C. § 2601, et seq., as well as The Consolidated Omnibus Budget Reconciliation Act ("COBRA") codified at 29 U.S.C. § 1161, et seq.

5. That this Court has supplemental jurisdiction over claims under Mississippi law pursuant to 28 U.S.C. § 1367.

6. That venue is appropriate in the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1391, in that the Defendants have significant contacts within this district, the Plaintiff resides within this district, and the events that gave rise to this cause of action occurred in this district.

## STATEMENT OF THE FACTS

7. That at all relevant times, St. Joseph was engaged in commerce or an industry or activity affecting commerce as contemplated by 29 U.S.C. § 2611(1).

8. That at the time she requested FMLA leave and at the time of her wrongful termination, Ms. Hayes was employed by St. Joseph for over twelve (12) months and provided over 1,250 hours of service with St. Joseph during the previous 12-month period. During this time, St. Joseph employed more than fifty (50) people within seventy-five (75) miles of its Gulfport, Mississippi location where Ms. Hayes operated as Clinical Manager, and thus, Ms. Hayes is an eligible employee as contemplated by 29 U.S.C. § 2611(2).

9. That at all relevant times, Crowson was employed by St. Joseph as the Vice-President of Operations and/or Regional Director of Sales, and was one of Ms. Hayes's direct superiors. Crowson was engaged in commerce or in an industry or activity affecting commerce who employs fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year, and he acted, directly or indirectly, in the interest of an employer, St. Joseph, to any of St. Joseph's employees, such as Ms. Hayes. Accordingly, Crowson is an "employer" as contemplated by 29 U.S.C. § 2611(4).

10. That at all relevant times, Ms. Hayes was employed as the Clinical Manager for St. Joseph. On June 23, 2021, Ms. Hayes properly and lawfully exercised her rights under the FMLA due to a serious health condition that made her unable to perform the functions of her position, namely her debilitating anxiety and insomnia directly caused by the voluminous hours and fluctuating work schedules required by Defendants. Her request for intermittent FMLA leave was agreed to and approved by Defendants as

contemplated by 29 U.S.C. § 2612(b)(1), and Ms. Hayes began her intermittent leave thereafter.

11. That before the expiration of the twelve weeks allotted by the FMLA, Ms. Hayes returned to work from August 3 through August 11. Despite having full knowledge of the basis for her FMLA leave being due to debilitating anxiety and insomnia, Defendants immediately forced Ms. Hayes to work over one hundred (100) hours over an eight-day period which directly caused exacerbation of her medical conditions and required her to seek leave a second time.

12. That during her FMLA leave, other St. Joseph employees witnessed Crowson express his desire and intention to terminate Ms. Hayes for exercising her rights bestowed under the FMLA.

13. That after the expiration of the leave period allowed under the FMLA, Ms. Hayes forwarded her Fitness for Duty to return to work. On October 5, 2021, Ms. Hayes met with Crowson and was informed of a "pilot program" requiring clinical managers to work night shifts for a period of six (6) months. At the conclusion of the meeting, Ms. Hayes was ordered by Crowson to report back to work on the evening of October 11, 2021.

14. That on October 7, 2021, Ms. Hayes spoke with the Vice President of Human Resources, Sharon Stansell, who confirmed to Ms. Hayes that she was to report back to work at 7:00 p.m. on October 11. The following day, October 8, 2021, Crowson emailed Ms. Hayes informing her that she would be required to work two 8-hour shifts and two

12-hour shifts each week in her role as clinical manager. Notably, Crowson's email again confirms that Ms. Hayes should report back to work on the evening of October 11, 2021.

15. That at approximately 11:30 a.m. on October 11, over seven (7) hours prior to the beginning of Ms. Hayes's return to work from FMLA leave, Crowson called Ms. Hayes and terminated her, just as he previously assured he would do when Ms. Hayes exercised her FMLA leave. Knowing that his obvious motives and retaliatory and discriminatory actions could subject Defendants to legal action, Crowson falsely claimed that Ms. Hayes was scheduled for the day shift despite his oral declarations and emails to the contrary.

16. That underscoring his nefarious and premeditated intentions, Crowson sent out a text message on Sunday, October 10, 2021, to all St. Joseph employees requiring their attendance for a company meeting at 8:30 a.m. on October 11, 2021, the same day in which Ms. Hayes was to return from FMLA leave at 7:00 p.m. However, there was only one employee who Crowson intentionally failed to send that text message and that employee was Ms. Hayes. Knowing that Ms. Hayes was scheduled for the night shift, Crowson concocted a twisted plan to schedule a mandatory morning meeting and intentionally keep Ms. Hayes in the dark, all orchestrated so the Defendants could "justify" her termination and avoid exposure under the FMLA.

17. That Crowson's October 8 email also discusses the job requirements for Ms. Hayes as clinical manager. Notably, Crowson delegated nearly all managerial tasks to himself and others despite Ms. Hayes's role as the Clinical Manager.

18. That Ms. Hayes was a devoted employee of St. Joseph for years who always exceeded expectations, was willing to work multiple territories, and suffered no reprimands. Crowson himself described her as a "very hard worker" during the October 5 meeting, yet she was clearly targeted and terminated in retaliation for exercising her rights under the FMLA and because of her knowledge of personal matters amongst several St. Joseph employees. The Defendants' actions in terminating Ms. Hayes prior to her scheduled return to work are indefensible, outrageous, and have caused Ms. Hayes tremendous financial hardship along with severe mental and emotional anguish.

19. That because of the wrongful termination, Ms. Hayes has lost a job with an annual salary more than $80,000.00, health insurance, a company vehicle, retirement contributions, etc. There exists only one similar competitor in the local market with a clinical manager position; however, that position is filled. Ms. Hayes has been forced to apply for nursing jobs which will diminish her yearly income, not provide her a company vehicle, and potentially remove her from her family and friends for months at a time. The financial damages are modest in comparison with the emotional distress and exacerbation of her anxiety, depression, and insomnia.

20. That following her termination, Defendants failed to timely provide Ms. Hayes with notice and information regarding her entitlement to continuation of health insurance coverage. As a result, Ms. Hayes has been denied insurance benefits and has incurred tremendous personal liability for the treatment of her medical conditions.

## CAUSES OF ACTION

### COUNT ONE - FAMILY AND MEDICAL LEAVE ACT OF 1993

21. That Ms. Hayes incorporates by reference all preceding facts as set forth in Paragraphs 1 through 20.

22. That Ms. Hayes was terminated in retaliation for taking federally protected leave under the FMLA, 29 U.S.C. § 2601 *et seq*. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. In addition, it is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

23. That Ms. Hayes alleges that Defendants discriminated against her and retaliated against her based on her FMLA leave and terminated her in violation of the FMLA.

24. That because of the Defendants' intentional, discriminatory, and unconstitutional acts described above, Ms. Hayes has suffered and continues to suffer mental anguish, humiliation, and emotional distress, all to her detriment and compensable at law.

25. That Ms. Hayes sues for actual and compensatory damages in an amount more than the minimal jurisdictional limits of this Court, including lost wages in the past and future, lost health insurance and other employee benefits in the past and future, and loss of pension or retirement benefits.

26. That the wrongful conduct of Defendants is evidenced by a consciously indifferent attitude towards employees' rights under the FMLA. As a result of this

conduct, punitive damages more than the minimum jurisdictional limits of this Court should be assessed against Defendants to deter this type of conduct in the future.

27. That Ms. Hayes also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## COUNT TWO – COBRA VIOLATIONS

28. That Ms. Hayes incorporates by reference all preceding facts as set forth in Paragraphs 1 through 27.

29. That Ms. Hayes seeks to redress the deprivation of rights secured to her by the Consolidated Omnibus Reconciliation Act of 1985 codified at 29 U.S.C. § 1161 et seq. ("COBRA").

30. That under COBRA, St. Joseph was required to offer Ms. Hayes continuation benefits after her termination, which is usually effectuated by issuing a COBRA Continuation Coverage Notice ("Notice"). However, St. Joseph has not provided Ms. Hayes with Notice regarding COBRA continuation benefits, nor has it provided an opportunity for Ms. Hayes to procure continuation coverage within the required period after her qualifying event on October 11, 2021.

31. That the actions of St. Joseph, its agents, and employees constitute a violation of COBRA, entitles Ms. Hayes to recover civil penalties under 29 U.S.C. § 1132(c)(1), as well as to recover for damages for St. Joseph's conscious indifference to Plaintiff's medical needs, which constitutes Intentional Infliction of Emotional Distress.

32. That Ms. Hayes is further entitled to recover attorney's fees for the COBRA violations.

33. That St. Joseph should be ordered to make Ms. Hayes whole by ordering damages payable under 29 U.S.C. § 1132 including, but not limited to the daily fine required by 29 U.S.C. § 1132(c)(1) and actual medical and other expenses incurred because of the COBRA violations.

34. That Ms. Hayes also seeks all other relief, at law or in equity, to which she may show herself justly entitled because of the COBRA violations.

**COUNT THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

35. That Ms. Hayes incorporates by reference all preceding facts as set forth in Paragraphs 1 through 34.

36. That Defendants forced Ms. Hayes to return from intermittent leave and work over 100 hours in her first week, knowing such a grueling schedule would further exacerbate her severe anxiety and other comorbidities related to her anxiety.

37. That further, Defendants devised a scheme to terminate Ms. Hayes for exercising FMLA leave. Crowson made the Defendants' intentions known to other employees several weeks prior to finalizing the plot. When Ms. Hayes was scheduled to return to work, Defendants confirmed on multiple occasions that she was to report back for the night shift beginning at 7:00 p.m. on October 11, 2021. However, Crowson sent out a text message on Sunday, October 10, 2021, to all St. Joseph employees requiring their attendance for a company meeting at 8:30 a.m. on October 11, 2021, the same day in which Ms. Hayes was to return from FMLA leave at 7:00 p.m. Not coincidentally, Ms. Hayes was the only employee who Crowson intentionally failed to send that text message even though he knew Ms. Hayes was scheduled for the night shift.

38. That Defendants' twisted plan to schedule a mandatory morning meeting and intentionally keep Ms. Hayes in the dark, all orchestrated so the Defendants could "justify" her termination and avoid exposure under the FMLA, evidence conduct on behalf of Defendants that is wanton, willful, and evokes outrage and revulsion. The Defendants' conduct was so outrageous in character, and so extreme in degree, that it goes beyond all possible bounds of decency, is atrocious, and is utterly intolerable in a civilized community.

39. That because of this conduct, punitive damages more than the minimum jurisdictional limits of this Court should be assessed against Defendants to deter this type of conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, TRISHA HAYES, respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause Plaintiff has the following relief:

a. Actual and compensatory damages for Defendants' violations of 29 U.S.C. § 2601 *et seq*. and 29 U.S.C. § 1161, *et seq*., including but not limited to past, present, and future lost wages; past, present, and future lost health insurance benefits; past, present, and future employee benefits unrelated to health insurance; loss of pension and retirement benefits;

b. The daily fine required by 29 U.S.C. § 1132(c)(1), actual medical and other expenses incurred, and all other statutory damages available as a result of the COBRA violation;

c. Pre-judgment interest at the highest legal rate;

d. Post-judgment interest at the highest legal rate until paid;

11 | P a g e

e. Back pay;

f. Reinstatement, or future wages in lieu of reinstatement;

g. Injunctive Relief;

h. Liquidated damages, to the extent permitted at law;

i. Compensatory and punitive damages, including mental anguish damages, as allowed by law;

j. Attorneys' fees;

k. All costs of court expended herein; and

k. Such other and further relief, at law or in equity, general or special to which Plaintiff may show she is justly entitled.

RESPECTFULLY SUBMITTED, this the 5th day of May, 2022.

**TRISHA HAYES, Plaintiff**

By: /s/ G. MORGAN HOLDER (MSB# 104131)

G. Morgan Holder, MSB# 104131
***SMITH & HOLDER, PLLC***
1720 22nd Avenue (39501)
Post Office Box 1149
Gulfport, MS 39502
Telephone: (228) 206-7076
Facsimile: (228) 284-1870
Email: morgan@smithholder.com